IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

ESTATE OF MATTIE DAVIS, ET AL.,                             PLAINTIFFS,

VS.                                    CIVIL ACTION NO. 4:05CV122-P-B

MAGNOLIA HEALTHCARE, INC., ET AL.,                      DEFENDANTS

AND

GULF UNDERWRITERS INSURANCE COMPANY,     DEFENDANT/GARNISHEE.

CONSOLIDATED WITH

TOMMIE ROBERTS,                                     PLAINTIFF,

VS.                                    CIVIL ACTION NO. 4:05CV149-P-B

MAGNOLIA HEALTHCARE, INC., ET AL,                        DEFENDANT

AND

GULF UNDERWRITERS INSURANCE COMPANY,     DEFENDANT/GARNISHEE.

## MEMORANDUM OPINION

These matters come before the court upon Gulf Underwriters Insurance Company's Motion for Summary Judgment [31] and the plaintiffs' cross-Motion for Summary Judgment [46]. After due consideration of the motions and the responses thereto, the court is prepared to rule.

## I. FACTUAL BACKGROUND

In 2004 the plaintiffs in the underlying State Court actions entered into settlement agreements with the underlying defendants, including Foundation Health Services, Inc. ("Foundation").

After a hearing on the plaintiffs' motion to enforce the settlement in the Circuit Court of Leflore County, the Circuit Court entered a Final Judgment granting the motion on December 23,

1

2004, concluding that the underlying defendants were obligated to pay the settlement proceeds. Essentially, the Circuit Court concluded during the hearing that not only should the settlement be enforced as to the parties, but also indicated that the defendants' insurers – including Gulf Underwriters Insurance Company ("Gulf"), the insurer of one of the underlying nursing home defendants, Foundation – were also obligated to pay.

The plaintiffs filed two actions for writ of garnishment against Gulf Underwriters, both of which were removed to this court and consolidated on September 16, 2006.

Gulf filed the instant motion for summary judgment, arguing that it is not obligated to pay the amounts due to the plaintiffs by Foundation because Gulf made an agreement with Foundation, its insured, that it would pay $100,000.00 towards the Davis action and $85,000.00 towards the Roberts action only if Gulf obtained non-waiver agreements from all of Foundation's insurers and one of those insurers, AIG, refused to sign the non-waiver agreement.

In their responses and cross-motion for summary judgment, the plaintiffs argue that such a condition precedent is not contained in the insurance policy issued by Gulf to Foundation and, because the plaintiffs stand in the position of Foundation as judgment-creditors, the court should order Gulf to pay settlement proceeds to the plaintiffs pursuant to the policy.

## II. DISCUSSION

**A. Summary Judgment Standards**

Summary judgment should be entered only if "[t]here is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment has the initial burden of demonstrating through the evidentiary materials that there is no actual dispute as to any material fact in the case. *Celotex Corp. v. Catrett*,

477 U.S. 317, 323 (1986). On motion for summary judgment, "[t]he inquiry performed is the threshold inquiry of determining whether there is a need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). In determining whether this burden has been met, the court should view the evidence introduced and all factual inferences from that evidence in the light most favorable to the party opposing the motion. *Id*. Furthermore, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

The summary judgment procedure does not authorize trial by affidavit. Rather, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict." *Anderson*, 477 U.S. at 255. Accordingly, a court may not decide any factual issues found in the record on motion for summary judgment, but if such material issues are present, the court must deny the motion and proceed to trial. *Impossible Elec. Tech. v. Wackenhut Protection Systems*, 669 F.2d 1026, 1031 (5th Cir. 1982); *Environmental Defense Fund v. Marsh*, 651 F.2d 983, 991 (5th Cir. 1981); *Lighting Fixture & Electric Supply Co. v. Continental Ins. Co.*, 420 F.2d 1211, 1213 (5th Cir. 1969).

Under the provisions of Federal Rule of Civil Procedure 56(e), a party against whom a motion for summary judgment is made may not merely rest upon his pleadings, but must, by affidavit, or other materials as provided in Rule 56, inform the court of specific facts showing that

3

there is a genuine issue for trial. *Celotex*, 477 U.S. at 324.

Summary judgment is not proper if a dispute about a material fact is "genuine," or in other words the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson*, 477 U.S. at 248. There is no such issue unless the evidence sufficiently supports the non-moving party's version of the facts for a jury to return a verdict in the non-moving party's favor. *Id.* at 249. The relevant inquiry is whether or not there is sufficient disagreement on the facts to submit them to the jury or whether it is so one-sided that one party should prevail as a matter of law. *Id.* at 251. The issue must be genuine, and not pretended, and the evidence relied on to create such an issue must be substantial. *Southern Distributing Co. v. Southdown, Inc.*, 574 F.2d 824, 826 (5th Cir. 1978).

**B. Analysis**

Having considered the parties' briefs and exhibits attached thereto, the court mentions the following salient and undisputed facts.

Gulf issued an insurance policy to Foundation. This policy provides for a self-insured retention of $500,000.00 per occurrence which Foundation must pay in defense costs or indemnity before Gulf is obligated to pay any claims on behalf of Foundation. Gulf's obligations under the policy apply only to amounts in excess of $500,000.00. Gulf issued a reservation of rights letter to Foundation, reserving its rights to decline to indemnify its insureds with regard to the underlying lawsuits. Gulf did not provide a defense to Foundation in the subject lawsuits filed against them by the plaintiffs. Rather, Foundation provided its own defense. Gulf was not a party to the subject lawsuits. Gulf did not participate in the settlement negotiations.

It is further undisputed that before the settlement of the lawsuits between the plaintiffs and

Foundation, Foundation agreed with Gulf that Gulf would pay $100,000.00 towards the Davis action and $85,000.00 towards the Roberts action on behalf of Foundation if, and only if, Foundation obtained non-waiver agreements from all of its insurers. One of Foundation's insurers, AIG, refused to sign a non-waiver agreement. This agreement was made despite the fact that Gulf believed it was not obliged to indemnify Foundation as to the $185,000.00 given that amount did not exceed the self-insured retention amount of $500,000.00.

The plaintiffs argue that in reaching settlement, they relied in part on Foundation's representation that they would pay the $100,000.00 for the Davis action and $85,000.00 for the Roberts action.. However, the plaintiffs do not dispute that Gulf was not a party to the underlying actions or the settlements thereof. As stated above, the plaintiffs do not dispute that there was an agreement between Gulf and Foundation to set a precondition on indemnifying Foundation, nor do they dispute that this agreement was entered into before the settlement agreement.

The plaintiffs also argue that the language of the Circuit Court during the hearing on the plaintiffs' motion to enforce the settlement requires Gulf to indemnify Foundation. However, it is undisputed that Gulf was not a party to the underlying lawsuits and therefore the Final Judgment is inapplicable to them.

The plaintiffs do not disagree that as judgment-creditors, they stand in the shoes of the insured, *i.e.*, Foundation. Thus, the plaintiffs do not have any rights regarding Gulf that Foundation does not have. Pursuant to the agreement between Gulf and Foundation, Gulf would not be required to indemnify Foundation regarding the Davis and Roberts actions if all of Foundation's insurers did not sign the non-waiver agreements. One did not, therefore Foundation has no right to be indemnified. Therefore, the plaintiffs do not have that right either. Thus, the plaintiffs' only recourse

5

regarding the subject $185,000.00 is against Foundation, not Gulf.

### III. CONCLUSION

For the reasons discussed above, the court concludes that Gulf Underwriters Insurance Company's Motion for Summary Judgment [31] should be granted, the plaintiffs' cross-Motion for Summary Judgment [46] should be denied, and the plaintiffs' claims in the instant matter should be dismissed with prejudice. Accordingly, a Final Judgment shall issue forthwith,

**THIS DAY** of August 14, 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE